In re WILLIAMS.

(District Court, S. D. Georgia, Albany Division. August 5, 1915.)

1. BANKRUPTCY ⊗⟶345—PRIORITIES—MORTGAGES.

A mortgage by a bankrupt, which was executed in Florida, was attested by a notary of that state in accordance with Civ. Code Ga. 1910, § 4203. The caption of the mortgage read "Georgia, Colquitt County," which was the place where the lands were located. The mortgage was duly recorded in Georgia. There was no fraud in its preparation, and the caption was the result of a mistake. *Held,* that such mortgage was valid, and, upon bankruptcy of the mortgagor, entitled the mortgagee to priority of payment out of the proceeds of the mortgaged property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ⊗⟶345.]

2. MORTGAGES ⊗⟶58—ATTESTATION—WITNESSES—COMPETENCY.

A stockholder in a corporation is not incompetent as a nonofficial witness to the signature of a mortgagor to a mortgage in favor of the corporation.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 153, 154; Dec. Dig. ⊗⟶58.]

3. BANKRUPTCY ⊗⟶342—PROCEEDINGS—DELAY.

The referee's order, disallowing petitioner's claim to priority under a mortgage, provided that proper intervention could be thereafter filed for correction of mistake, to be considered as though the disallowance of the mortgage had never been made. The attorney for the mortgagee was appointed trustee, and he delayed more than a year after adjudication in bankruptcy before filing the intervention. *Held* that, as the attorney was acting in a dual capacity, being bound to file the intervention for his client, the mortgagee, and to resist it for the unsecured creditors, the delay should not be charged against the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. ⊗⟶342.]

4. BANKRUPTCY ⊗⟶342—PROCEEDINGS—DELAY.

In such case, as the order of the referee specified no time limit, relief could not be denied on the ground that the intervention was not filed within a year after adjudication in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. ⊗⟶342.]

In Bankruptcy. In the matter of J. C. Williams, bankrupt. Petition to review the report of the referee disallowing the priority of a mortgage in favor of the Covington Company. Decision of the referee overruled, and the mortgage allowed priority.

Pope & Bennet, of Albany, Ga., for claimant.
Pottle & Hofmayer, of Albany, Ga., for objecting creditors.

SPEER, District Judge. The mortgage lien in favor of the Covington Company against the bankrupt estate was disallowed as such by the referee. The mortgage was dated February 2, 1911, and the mortgagor was the bankrupt, J. C. Williams. It was made to secure past-due indebtedness and to cover future advances. It was written on the printed form generally used for such securities in this state. The caption reads, "Georgia, Colquitt County," but the acknowledgment of the notary public fixes the place of execution in Duval coun-

ty, Fla. The notary was J. L. Head, a duly commissioned notary under the laws of the state of Florida, and his official certificate is fully and formally written and attached to the mortgage. The additional subscribing witness was J. W. Pettyjohn, who was an officer and stockholder in the Covington Company, the mortgagee. The proof of claim under this mortgage was filed in the office of the referee on August 2, 1912. There was another mortgage between the same parties, for a smaller amount, which was allowed. In disallowing the claim in issue, the referee used the following language:

"Foregoing proof of claim allowed as to mortgage and note for $364 principal and interest thereon as a preferred claim on proceeds of the mortgage property, and trustee is hereby ordered to pay same; as to remainder of the claim, disallowed. It appearing that the creditor contends that the defective execution of the other mortgage (for $3,929.74) was by mistake, it is hereby ordered and adjudged that this order allows proper intervention to be hereafter filed for correction of mistake to be considered hereafter as though this disallowance of aforesaid mortgage had never been made.

"This August 30, 1912.                    R. J. Bacon, Referee."

Pursuant to this order of the referee, an intervention in the form of a petition for reformation of the mortgage alleged to be defective was filed in the office of the referee, but not until the 21st day of May, 1913, more than a year after the order was granted. After hearing upon this intervention the referee denied the petition of the intervener, and declined the claim of priority under the mortgage, whereupon the petition for review under consideration was filed. The objections upon which the referee denied the priority of right claim by the mortgagee were not made by the trustee, who had indeed, as attorney, represented the Covington Company for the enforcement of the mortgage, but were urged by certain creditors. The grounds of objection were that the mortgage was defectively executed; it purporting to have been executed in Georgia, Colquitt county, as shown by its caption, while the acknowledgment of the notary public showed him to be an officer of Duval county, Fla., and further that the subscribing witness to the mortgage was an officer and stockholder of the mortgagee and was therefore incompetent to attest a paper in its favor. As a result of these alleged defects, it was objected that the mortgage should not have been admitted to record, and, further, the additional objection was made that the intervention was filed more than a year after the adjudication in bankruptcy. The amount intended to be secured by this mortgage was $3,929.24.

[1] As to the first objection, the undisputed evidence adduced upon the hearing, is that the paper was executed in Duval county, Fla., and attested by an official witness duly commissioned in that state. This is a compliance with the law of Georgia, § 4203. It is equally clear that the caption of the mortgage, "Georgia, Colquitt County," was adopted by mistake. The understanding was that the papers should be taken to Colquitt county and there signed; the Covington Company resting under the impression that it was necessary, under the law of Georgia, for the wife of the mortgagor to sign with him. When this was found to be inaccurate, the mortgage was signed and duly acknowledged, but the caption was in-

advertently left unchanged. No fraud in the preparation of the mortgage is shown or alleged. This is a court of equity, and will lend its aid to correct an inadvertence, especially where no third party has been injured thereby. The mortgage was recorded as properly executed; its record put all parties on notice of the claim of lien against the particular property therein described. On inquiry, they would have ascertained the true fact, which was that the paper was honestly given to secure a valid debt. Wherever executed, such a mortgage is required by the law of this state to be recorded in the county where the land it relates to lies. This was done, and in the opinion of the court there was a sufficient compliance with the law to make the lien valid and sustainable.

[2] The instrument is also assailed on the ground that the unofficial witness was disqualified. This is highly technical. True, he was a stockholder in the corporation, to wit, the mortgagee; but, if he was competent to witness the signature of the mortgager, it should be held valid, and, the record being regular and before adjudication in bankruptcy, it should be held a secured claim. Many cases accumulated by the assiduity and learning of the opposing counsel were cited on this question, but the court is controlled by a distinct ruling of the highest appellate court of the state. This was in the case of Peagler v. Davis, decided by the Supreme Court of Georgia, January 12, 1915, reported in 84 S. E. 59, where the court decided as follows:

"A stockholder, though incompetent to take an acknowledgment of a mortgage as a notary, because he is a stockholder of the mortgagee corporation, is not incompetent as a nonofficial witness to the signature of the mortgagor."

This ruling, relating to real property, and apparently the latest on the subject, seems conclusive on this court. Besides, in itself it seems entirely proper, and the competency of the unofficial witness is therefore established.

[3, 4] The contention of the objecting creditors that the intervention was filed after the expiration of the 12 months period, as provided in the act, under the circumstances, must also be held without merit in this cause. The record discloses that the proof of the claim this contested mortgage was made to secure was filed August 2, 1912, shortly after the adjudication, and within the 12 months period. Now, the order of the referee denying the proof of claim as a secured debt made express provision for the filing of the intervention to reform the mortgage. A material fact in this connection is that the attorney representing the claim of the Covington Company, the mortgagee, was elected trustee by the creditors of that class who are now objecting, and acted in both capacities. The claimants relied upon him to file the necessary intervention. This he finally did. He had, however, the duty to resist such intervention for the unsecured creditors, if they demanded it. It is clear enough that the trustee hesitated between the conflicting duties of his duplicate trust; that is, his duty to his client, who was the mortgagee, and to the unsecured creditors, whom he represented as trustee. This, doubtless, made him oblivious to the flight of time. It would seem, therefore, inequitable

to charge the mortgagee in this case with the laches of its attorney, who was also the trustee for the objecting creditors. This seems, however, comparatively unimportant, in view of the order of the referee, unlimited as to time in which the mortgagee might file his intervention to reform, or, in other words, to make the mortgage on its face enforceable. The delay was therefore justified by the order of the bankruptcy court, and cannot be chargeable to the mortgagee.

On the whole, therefore, the court is of the opinion that the mortgage is valid. The amount of the debt of the Covington Company in issue is entitled to payment from the proceeds of the property pledged to secure it. A decree may be taken, setting aside the decision of the referee as to this mortgage, and authorizing payment as stated.